UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD A. SHREEVE and
LINDA C. COSTOPULOS, Trustee of
the Linda C. Costopulos Trust dated
December 15, 2014,

        Plaintiffs,

v.

ROBERT NAHRA; NADYA NAHRA;
CHRIS RAYES, in his individual and
official capacities; and
The CITY OF ST. CLAIR SHORES, a
Michigan municipal corporation,

        Defendants.

Case No.

Hon.

_____/

O'REILLY RANCILIO P.C.
J. Russell LaBarge, Jr. (P16321)
Nathan D. Petrusak (P75359)
Attorneys for Plaintiffs
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586) 726-1000/Fax: (586) 726-1560
rlabarge@orlaw.com
npetrusak@orlaw.com
_____/

# COMPLAINT

    NOW COME Plaintiffs, Ronald A. Shreeve and Linda C. Costopulos, Trustee of the Linda C. Costopulos Trust dated December 15, 2014, by and

through their attorneys, O'Reilly Rancilio P.C., and for their Complaint state as follows:

## PARTIES

1. Plaintiffs Ronald A. Shreeve and Linda C. Costopulos, Trustee of the Linda C. Costopulos Trust dated December 15, 2014 (collectively "Plaintiffs") are the owners of waterfront property located at 33444 Jefferson Avenue, St. Clair Shores, Michigan 48082.

2. Defendants Robert Nahra and Nadya Nahra (collectively "Nahras") are the owners of waterfront property located at 33434 Jefferson Avenue, St. Clair Shores, Michigan 48082, which is immediately to the south of Plaintiffs' property.

3. Defendant Chris Rayes ("Rayes") is the Community Development Director for the City of St Clair Shores who, at all time relevant hereto, acted under color of state law in his individual and official capacities.

4. Defendant City of St. Clair Shores is a Michigan municipal corporation located in Macomb County, State of Michigan.

## JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' claim arising under state law pursuant to 28 U.S.C. § 1367(a).

6. Plaintiffs' claims for damages are authorized under 42 U.S.C. § 1983, and by the general legal and equitable powers of this Court.

7. Plaintiffs' claim for an award of their reasonable costs of litigation, including attorneys' fees and expenses, is authorized by 42 U.S.C. § 1988, and other applicable law.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## STATEMENT OF FACTS

9. Plaintiffs and the Nahras are next-door neighbors on Jefferson Avenue in the City of St. Clair Shores ("City"), each owning property that abuts Lake St. Clair.

10. Plaintiffs' property is immediately to the north of the Nahras's property.

11. The Nahras's property is zoned RA-LB (One Family Lakeshore).

12. Under the City's Zoning Ordinance ("Zoning Ordinance"), the height of residential structures in the RA-LB District is limited to 2 stories and 30 feet.

13. Technically, under the Zoning Ordinance, exceptions to the height requirement in the RA-LB District must be approved by City Council.

14. Regardless of this fact, in 2018, the Nahras filed an application with the City's Zoning Board of Appeals ("ZBA") seeking a variance to increase the height of their home to 38 feet (43 feet for a turret) as well as for a 3rd story so that the Nahras could have a walkout basement to see Lake St. Clair.

15. When an applicant applies for a variance in the City, the application expressly states that "Applicant shall be deemed responsible for the accuracy of all information submitted to the City of St. Clair Shores. Failure to provide accurate and complete information or to make false statements may cause the Board to rescind its decisions until the Board is satisfied."

16. As part of this application, the Nahras submitted a site plan to the ZBA showing that the vast majority of the home would have 153 foot setback from Lake St. Clair, with a 138 foot setback on the southern end where the Nahras would build a porch, at or near, ground level. (Exhibit A, ZBA Site Plan.)

17. With these proposed setbacks, the Nahras's represented that, if the variances were granted, their home would be in line with Plaintiff's home.

18. This fact is critically important because if the home was out of line with Plaintiffs' home and closer to the seawall, the home would interfere with Plaintiffs' use and enjoyment of their property by, amongst other things, obstructing Plaintiffs' light, air and southeasterly view of Lake St. Clair.

19. On September 6, 2018, the ZBA held a hearing on the Nahras's application.

20. At the hearing, a representative of the Nahras's represented to the ZBA that if the variance was approved the Nahras's home "will be in line with the house to the north of the property." (*i.e.*, Plaintiffs' home). (Exhibit B, ZBA Minutes.)

21. Additionally, at the hearing, a ZBA member asked Chris Rayes, the Community Development Director for the City, "if the [Nahras] wanted how far back can [they] build the house if [they] wanted to."

22. As Community Development Director, Rayes is in charge of planning, zoning, engineering, and code enforcement for the City as well as the issuance of building permits and certificates of occupancy.

23. Rayes responded "right where [they] are at," meaning in line with Plaintiffs' home.

24. Rayes also stated that "they [the City] look at the existing structures along there and draw a line between the structures to try and keep everyone in line so neighbor to neighbor they don't block views."

25. The constructing of the Nahras's home in line with Plaintiffs' home was a key consideration for the ZBA because, as noted by Rayes, one of the

standards for granting a variance is whether it would do "substantial justice to the petitioner without unduly burdening the surrounding property owners."

26. Based upon the Nahras's site plan and the representation made to the ZBA, the ZBA ultimately granted the variances requested by the Nahras.

27. Importantly, at the time the variances were granted, Plaintiffs had no reason to appeal the ZBA's decision.

28. In fact, had the Nahras's constructed their home in line with Plaintiffs' home in accordance with their representations to the ZBA and its approval, Plaintiffs would have had no issue with the setbacks of the Nahras's home because their view of Lake St. Clair would not have been blocked.

29. However, the Nahras, apparently believing they are free to lie to the ZBA to obtain variances, proceeded to construct their home in a manner wildly out of line with Plaintiffs' home. (Exhibit C, Picture of Nahra Home.)

30. In fact, following the granting of the variances, the Nahras submitted multiple revised plans to the City, which moved their home between 20 and 40 feet closer to the water, thereby taking it out of line with Plaintiffs' home and blocking Plaintiffs' access to light and air and the southeasterly view of Lake St. Clair. (Exhibit D, Post-ZBA Site Plan.)

31. The City and Rayes administratively approved these revised site plans without bringing the matter back before the ZBA.

32. Upon realizing that the Nahras were not constructing their home in conformity ZBA's approval, Plaintiffs complained to both the Nahras and the City.

33. The Nahras responded by essentially telling Plaintiffs to "pound sand."

34. The City responded by ignoring Plaintiffs' pleas and by approving the Nahras's plans to block Plaintiffs' view and issuing them numerous permits, despite its policy of keeping waterfront homes in line and the ZBA's approval.

35. Consequently, having no other recourse, Plaintiffs filed a nuisance abatement lawsuit in the Macomb County Circuit Court against the Nahras.

36. However, the Macomb County Circuit Court dismissed the lawsuit <u>without prejudice</u> finding that it lacked jurisdiction because it believed (as argued by the Nahras) that "there is a – the possibility of – a review and appeal to the Zoning Board of Appeals," even though it was the Nahras's violation of the approved variance (not the variance, itself) that was creating the nuisance.

37. Notably, though the City was not a named defendant in the lawsuit, the City's Attorney, Robert Ihrie, attended the hearing on the Nahras's motion to dismiss and (seemingly acting in concert) supported the Nahras's position.

38. Thereafter, Plaintiffs' counsel sent Mr. Ihrie a letter requesting that the variances granted to the Nahras be rescheduled for a hearing before the ZBA so that it could be advised of the misrepresentations made by the Nahras and the City and to review its approval of the variances.

39. Mr. Ihrie responded that he was "unable to recommend a 'rescheduling' of a Zoning Board of Appeals hearing" claiming (obliquely) that an appeal to the ZBA was untimely.

40. In subsequent conversations, Mr. Ihrie continued in his refusal to bring the matter back before the ZBA, indicated (clairvoyantly and tellingly) that the ZBA would simply re-approve the Nahras's variances and the blocking of Plaintiffs' views, and that the City fully intends on issuing a certificate of occupancy for the Nahras's home once completed.

41. Rayes was part of at least one of these conversations and indicated that he had reviewed the Nahras's revised plans, which proposed to block Plaintiffs' view, and approved the plans and issuance of permits, in direct contradiction to the approval actually given by the ZBA.

42. Plaintiffs' counsel also sent a request under the Michigan Freedom of Information Act to the City seeking documentation that would shed light on why the City was not enforcing its policy of keeping waterfront houses in line and why Rayes approved the Nahras's plans, which block Plaintiffs' view.

43. However, despite the limited temporal and factual scope of this request, Mr. Ihrie demanded an egregious $3,000 deposit to cover his review of the documents prior to their production.

44. Because of Mr. Ihrie's demand, the records were not able to be obtained, and the reasons for the City's selective enforcement remain hidden.

45. However, what Plaintiffs do know is that, according to social media, Mr. Nahra (the owner of a catering company who goes by the moniker "Chef Bobby") appears to be friends with the City's Mayor, Kip Walby, and has actively supported his election campaigns.

46. Such friendship and support may have its perks, like permission to build a bigger home closer to the water, which blocks a neighbor's view of the lake.

47. However, whether the City and Rayes's actions are borne out of local political cronyism or some other ill-will or animus, it is clear that there is no rational reason for them to disregard the City's policy of keeping waterfront homes in line or for them to sanction the Nahras's lies to the ZBA and the nuisance the Nahras's have created, which they are unwilling to remedy.

48. Without court intervention, the City and Rayes will continue to improperly favor the Nahras, and the Nahras will finalize the construction of their unlawful home, forever damaging Plaintiffs' constitutional rights, property values, and view of Lake St. Clair.

## COUNT I – EQUAL PROTECTION
### (CITY OF ST. CLAIR SHORES AND CHRIS RAYES)

49.  Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

50.  The Equal Protection Clause of the United States Constitution provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Am. XIV, § 1.

51.  Upon information and belief, Plaintiffs were similarly situated to other waterfront property owners in the City.

52.  The City has a policy or custom of keeping the homes of waterfront property owners in line so views are not blocked.

53.  Upon information and belief, the City also has a custom of selectively enforcing the policy or custom of keeping the homes of waterfront property owners in line so views are not blocked.

54.  At all relevant times hereto, Rayes was acting under color of state law.

55.  Rayes violated Plaintiffs' constitutional right to equal protection by, *inter alia*, approving the Nahras's revised plans, which blocked Plaintiffs' views, issuing building, electrical and mechanical permits, and selectively enforcing the City's policy or custom of keeping the homes of waterfront property owners in line

so views are not blocked, in contradiction with standing practice and the variances granted by the ZBA.

56. The City's custom of selectively enforcing the ZBA's variance and policy or custom of keeping the homes of waterfront property owners in line so views are not blocked was the moving force behind the violation of Plaintiffs' constitutional right to equal protection.

57. Upon information and belief, Plaintiffs were intentionally treated differently by the City and Rayes than the City's other waterfront property owners.

58. There was no rational basis for the City and Rayes' differential treatment of Plaintiffs.

59. As a direct and proximate cause of the City and Rayes's unlawful actions, Plaintiffs have sustained damages, including, but not limited to, monetary damages and injury to their constitutional rights.

WHEREFORE, Plaintiffs, respectfully requests that this Court enter an Order and Judgment:

  A. Declaring that the City and Rayes selectively enforced the City's policy or custom of keeping the homes of waterfront property owners in line so views are not blocked, thereby denying Plaintiffs' right to equal protection;

  B. Awarding Plaintiffs' compensatory damages, including lost property value, in an amount to be determined by the Court;

    C.    Enjoining, amongst other things, the issuance of a certificate of occupancy to the Nahras or, if one has already issued, ordering its revocation; and

    D.    Awarding any other relief in favor of Plaintiffs the Court deems equitable and appropriate under the circumstances, including its costs, attorneys' fees, and punitive damages under 42 USC §§ 1983 and 1988.

## COUNT II – SUBSTANTIVE DUE PROCESS
## (CITY OF ST. CLAIR SHORES AND CHIRS RAYES)

60.    Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

61.    The Due Process Clause of the United States Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const., Am. XIV, §

62.    The Constitution guarantees procedural and substantive due process to landowners.

63.    Plaintiffs have a protected property interest in the undisturbed use and enjoyment of their property.

64.    At all relevant times hereto, Rayes was acting under color of state law.

65.    Rayes violated Plaintiffs' constitutional right to substantive due process by, *inter alia*, approving the Nahras's revised plans, which blocked Plaintiffs' views, issuing building, electrical and mechanical permits, in violation

of the variances granted by the ZBA, and selectively enforcing the City's policy or custom of keeping the homes of waterfront property owners in line so views are not blocked.

66. The City's custom of selectively enforcing the variances granted by the ZBA and the policy or custom of keeping the homes of waterfront property owners in line so views are not blocked was the moving force behind the violation of Plaintiffs' constitutional right to substantive due process.

67. The City and Rayes's selective enforcement has deprived Plaintiffs of their right to substantive due process because it is not rationally related to any legitimate governmental interest and is arbitrary and capricious.

68. As a direct and proximate cause of the City and Rayes's unlawful actions, Plaintiffs have sustained damages, including, but not limited to, monetary damages and injury to its constitutional rights.

WHEREFORE, Plaintiffs, respectfully requests that this Court enter an Order and Judgment:

    A.    Declaring that the City and Rayes selectively enforced the City's policy or custom of keeping the homes of waterfront property owners in line so views are not blocked, thereby denying Plaintiffs their right to substantive due process;

    B.    Awarding Plaintiffs compensatory damages, including lost property value, in an amount to be determined by the Court;

C. Enjoining, amongst other things, the issuance of a certificate of occupancy to the Nahras or, if one has already issued, ordering its revocation; and

D. Awarding any other relief in favor of Plaintiffs' the Court deems equitable and appropriate under the circumstances, including its costs, attorneys' fees, and punitive damages under 42 USC §§ 1983 and 1988.

## COUNT III – NUISANCE
## (NAHRAS)

69. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

70. Under Michigan law, a private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land.

71. Moreover, under Michigan law, violations of a zoning ordinance are nuisances per se that are subject to mandatory abetment.

72. Plaintiffs have a protected property interest in the use and enjoyment of their property.

73. The Nahras's constructing of their home in such a way that blocks Plaintiffs' light, air and southeasterly view of Lake St. Clair in contravention of the variances approved by the ZBA is interfering with Plaintiffs' use and enjoinment of their property.

74. The Nahras's conduct is the legal cause of the invasion of and interference with Plaintiffs' use and enjoinment of their property.

75. Upon information and belief, the Nahras's conduct in constructing their home in such a way that interferes with Plaintiffs' use and enjoyment of their property, including blocking access to light, air and the southeasterly view of Lake St. Clair, is intentional and unreasonable.

76. As a direct and proximate result of the Nahras's conduct, Plaintiff has been significantly harmed, both irreparably, by the loss of their use and enjoyment of their property, including access to light, air and southeasterly view of Lake St. Clair, and monetarily due to lost property value.

77. Further, the Nahras's constructing of their home in such a way that causes it to not be in line with Plaintiffs' home and to block Plaintiffs' view is contrary to the variances approved by the ZBA and a violation of the City's Zoning Ordinance, thereby constituting a nuisance per se.

WHEREFORE, Plaintiffs, respectfully requests that this Court enter an Order and Judgment:

    A.    Declaring that the Nahras constructing of their home in such a way that causes it to not be in line with Plaintiffs' home and that blocks Plaintiffs' view of Lake St. Clair constitutes a private nuisance and a nuisance per se;

    B.    Ordering the abatement of the nuisance causing conditions;

    C.    Awarding Plaintiffs compensatory damages, including lost property value, in an amount to be determined by the Court; and

D.   Awarding any other relief in favor of Plaintiffs' the Court deems equitable and appropriate under the circumstance.

                              O'REILLY RANCILIO P.C.

                              By: /s/ Nathan D. Petrusak
                                   J. Russell LaBarge, Jr. (P16321)
                                   Nathan D. Petrusak (P75359)
                                   Attorneys for Plaintiffs
                                   12900 Hall Road, Suite 350
                                   Sterling Heights, MI 48313
                                   (586) 726-1000/Fax: (586) 726-1560
                                   rlabarge@orlaw.com
Date: July 30, 2020                 npetrusak@orlaw.com